IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Southern Division
Case No. 7:19-CV-00054-BO

| | |
|---|---|
| Timothy Hughes, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DynCorp International, LLC, )<br>)<br>Defendant. )<br>)<br>)<br>) | **PLAINTIFF'S RESPONSE TO<br>DEFENDANT'S MOTION TO DISMISS** |

  Defendant DynCorp International, LLC is a multi-national corporation who concedes they have offices in North Carolina, specifically at both Fort Bragg and Elizabeth City. There is both general and specific jurisdiction over DynCorp in this case.

  The USERRA Complaint filed by Timothy Hughes alleges that the Defendant refused to re-employee him and then threatened to retaliate against him for making a USERRA claim. All of the actions made the basis of the USERRA violation occurred while Mr. Hughes was in North Carolina. Plaintiff requested reemployment after his military obligations were complete. The defendant stated that he had resigned and that USERRA did not apply to foreign employees. The Plaintiff advised that he had taken USERRA leave and did not resign. He filed a USERRA complaint with the Department of Labor. The defendant was told by the investigator for the United States government that USERRA would apply in this case. In reply, the defendant stated that if Plaintiff did not withdraw his USERRA claim they would re-employ Plaintiff and fire him the next day and change his resignation to a termination. They told the investigator that this change would it impossible for him to get other overseas employment. Mr. Hughes withdrew his USERRA complaint to pursue other overseas employment. (See Statement of Timothy Hughes and FOIA response from the Department of Labor attached as Exhibit A)(Email request for

1

reinstatement Exnibit B)(Reply(only partial produced to Plaintiff) and blacklist threat of employer if USERRA not withdrawn Ex C).

Mr. Hughes did have a contract with DynCorp, but has not brought suit under that contract nor tried to enforce any provisions of the contract. Mr. Hughes sues solely under USERRA. All actions in the USERRA claim occurred in North Carolina and occurred months after the termination of the contract. He made his complaint to the Department of Labor from his home in North Carolina, and the threatened retaliation was made to him as part of that complaint.

### Jurisdiction

DynCorp admits that they have offices in North Carolina and 118 employees who work in North Carolina. (Declaration of B. Dianne Walker). The presence of offices and over one hundred employees should be sufficient to establish general jurisdiction over DynCorp. Significantly DynCorp fails to mention how many of their employees are North Carolina residents such as Mr. Hughes who are hired to work outside of the state. The Eastern District of North Carolina has a large number of servicemen and ex-servicemen and it is anticipated that discovery will reveal a significant additional number of North Carolina residents hired by DynCorp and assigned to work overseas.

### Specific Jurisdiction

The Court must analyze two issues in considering whether the Defendants have purposely established a minimum context of the forum state necessary to result in specific jurisdiction:

1. Whether the Defendants purposely directed their activities at residence of the forum; and

2. Whether litigation is a result of alleged injuries arising out of or related to those activities. *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174 (1985).

In looking at the USERRA action, all activity by DynCorp was directed to Plaintiff while he was a resident of North Carolina. The threatened retaliation was purposely directed to impact a North Carolina citizen's re-employment with all overseas employers including those here in North Carolina.

2

In looking at the prior employment relationship of the parties- the Defendant advertised for and recruited a North Carolina resident for security operations in Afghanistan. All correspondence to Plaintiff were conducted to his address in North Carolina, all emails and correspondence were sent to him in North Carolina, and all checks were sent to his bank account in North Carolina. In a similar USERRA case the United States District Court for the Eastern District of Washington in *Hall v. L-3 Communications*, 170 F. Supp. 3d. 1316 (ED WA 2016), found that a corporation hiring a Washington citizen could expect to be sued in the state of Washington (the case is not cited as being controlling, rather the reasoning of that Court is clear and persuasive.)

The Defendant cites the case of *Sneha Media & Entm't, LLC v. Associated Broad. Co. P*, 911 F.3d 192 (4th cir 2018). In *Sneha* the jurisdictional allegations were based on one unsuccessful meeting with an Indian company in the United States:

Sneha and Nord have not purported to present evidence relevant to most of these factors. We find the strongest support for their assertion of sufficient contacts in (1) a single meeting between Prakash, the CEO of Associated Broadcasting, and Annamreddy, the CEO of Sneha and Nord, and (2) the assistance that Sneha provided to Associated Broadcasting reporters. *Sneha at* 198-199..

In contrast, DynCorp meets almost every factor for jurisdiction cited in *Sneha*: (1)They maintain maintained offices or agents in the State; (2) they maintain property in the State; (3) the defendant reached into the State to solicit or initiate business; (4) they have deliberately engaged in significant or long-term business activities in the State; (6) the defendant made in-person contact with a resident of the State regarding the business relationship; (7) whether the relevant contracts required performance of duties in the State- *in this case the threatened retaliation included North Carolina employers*; and (8) the nature, quality, and extent of the parties' communications about the business being transacted.

Accordingly there is jurisdiction over the defendant in this action.

<u>Venue</u>

USERRA has a special venue provision 38 U.S.C. § 4323(c)(2), this provision states "in the case of an action against a private employer, the action may proceed in the United States District Court for any district in which the private employer of the person maintains a place of business."

DynCorp International has 118 employees in North Carolina (Defendant's Affidavit, paragraph 4). Defendant has a place of business in North Carolina in both Fayetteville and Elizabeth City. Attached as Exhibit A to this motion is Mr. Hughes' statement confirming that he was recruited and paid in North Carolina for jobs advertised by DynCorp to North Carolina citizens.

The Defendant seeks to transfer this USERRA action to Virginia based on the employee's employment contract. Choice of venue provisions requiring a North Carolina citizen to litigate outside of the state are prohibited by NCGS 22B-3: "Except as otherwise provided in this section, any provision in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable." In this case the contract was mailed to Mr. Hughes in North Carolina and he signed the contract at his home in North Carolina. A recent case supports holds that mailing the form contract to Mr. Hughes for execution makes it a North Carolina contract and prohibits foreign venue provisions. *Schwarz v. St. Jude Med. Inc.*, 802 S.E.2d 783 (N.C. App 2017)

Further, Mr. Hughes is not suing on the employment contract. The USERRA activity occurred after Defendant claims that they terminated Mr. Hughes and thus no longer had a contractual relationship with Mr. Hughes. Mr. Hughes does not seek damages or recovery under his employment contract although he does contest claims that he falsified or committed any type of fraud. Mr. Hughes received a contract, made proposed changes to the contract, just as first class airfare out of Afghanistan due to the 24 to 36 hour flights, and DynCorp accepted the contract. The fact that DynCorp did not read the contract or state in the contract that alterations or negotiations of any term was not allowed does not state a claim for fraud against Mr. Hughes. There are no contractual issues in the case and thus DynCorp's argument that the defunct contract should govern this USERRA action should not be accepted by this Court.

Other courts have looked at this issue and held that no restrictions are allowed on USERRA venue- 38 U.S.C. § 4302(b), states:"This chapter supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise of any such right or the

4
Case 7:19-cv-00054-BO   Document 13   Filed 06/03/19   Page 4 of 6

receipt of any such benefit.". This provision was held to invalidate an arbitration agreement in *Lopez v. Dillard's, Inc.*, 382 F. Supp. 2d 1245, 1247 (DCt Kansas 2005).

Even if this court was to entertain a contract claim – which is not raised here by Plaintiff or Defendant – this attempt to have a defensive "pendant venue" for the USERRA claim has been rejected. In *Johnson v General Dynamics Information Technology, Inc.*, 09 CV 282-JL United States District Court for the District of New Hampshire, that Court considered the arguments raised here – although brought by the opposite parties. In that case, the Court determined that proper contract venue could not grant pendant jurisdiction to improper USERRA venue.

Conclusion

The Plaintiff is a North Carolina citizen, recruited, paid and retaliated against in North Carolina. He sues solely under USERRA which provides venue where the Defendant has a place of business. The Defendant admits they have two places of business in North Carolina. Accordingly, venue is proper in North Carolina.

Respectfully submitted this the 3rd day of June, 2019.

CROSSLEY McINTOSH COLLIER HANLEY & EDES, PLLC

By: __/s/ Andrew Hanley__
    Andrew Hanley
    NC State Bar No.: 23738
    5002 Randall Parkway
    Wilmington, NC 28403
    Telephone: (910) 762-9711
    Facsimile: (910) 256-0310

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will deliver to the following counsel via electronic mail:

Kristine Mr. Sims
Constangy, Brooks, Smith & Prophete, LLP
100 North Cherry Street, Suite 300
Winston-Salem, North Carolina 27101

On this 3rd day of June, 2019.

/s/Andrew Hanley
Andrew Hanley